UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARS, INCORPORATED, et al | CIVIL ACTION NO. 90-49 (JCL) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| COIN ACCEPTORS, INC. | |
| DEFENDANT. | |

**LIFLAND, DISTRICT JUDGE**

Coin Acceptors, Inc. (Coinco) moves for reconsideration of the court's Memorandum and Order of August 7, 2006, which granted in part Mars, Incorporated's (Mars) motion for reconsideration of the Court's May 19, 2006 Memorandum and Order. This motion is purportedly brought pursuant to Local Civ. Rule 7.1 (I), and raises the anomalous situation that there is, in Coinco's view, no limit to the number of times one party or the other may, by motion, request the court to reconsider. Fortunately, this is not the way Local Civ. Rule 7.1(I) is written or should be interpreted.

1

For this and for other reasons, which are set forth below, Coinco's motion will be denied.

The decision which Coinco now attacks was rendered on August 7, 2006, and it granted reconsideration of the court's May 19, 2006 denial of Mars' motion to amend the complaint to add MEI as a co-plaintiff.  The May 19, 2006 decision was based upon the court's view that such an amendment would be futile, and the August 7, 2006 reconsideration was based upon evidence brought to the court's attention for the first time that showed that it would not be futile to add MEI as a co-plaintiff, to some extent. The foregoing decisions were made by this court in order to conform the ultimate result of these proceedings to the actual facts; in other words, to achieve a just result.

Coinco's attack on the August 7, 2006 decision is primarily grounded on the contention that this court lacked jurisdiction to reconsider its May 19, 2006 decision (which was favorable to Coinco).  That assertion of lack of jurisdiction arises, according to Coinco, from the fact that on December 16, 2005, Coinco appealed to the United States Court of Appeals for the Federal Circuit from the November 17, 2005 final judgment, under Rule 54(b), with respect to Coinco's infringement and validity of U.S. Patent Nos. 3,870,137 and 4,538,719.  Coinco's

argument goes that that appeal deprived the District Court of its power to make the August 7, 2006 decision, under the general rule that the filing of an appeal divests the trial court of its power to take further action in the matter.

In the court's view, Coinco's contention as to jurisdiction is without merit under the circumstances of this case.  Furthermore, it is indeed a surprising contention, for the following reasons.  While no estoppel applies, that contention was not raised in opposition to Mars' motion for reconsideration of the May 19, 2006 decision and that contention would have been equally applicable to Mars' motion.[1]  Coinco was content to allow the court's May 19, 2006 decision in favor of Coinco to stand even though its present position would compel the court to vacate that decision. Presumably, because that decision was favorable to Coinco, Coinco saw no reason to assert that the court did not have jurisdiction to make that decision.

Next, Coinco itself sought relief from the court months after filing its notice of appeal, when on March 2, 2006 it filed its motion for summary judgment on Mars' claim for lost profits.   Thus, Coinco invoked the jurisdiction of this court

---

[1] Coinco says (brief at 4) that it raised the jurisdiction argument now advanced prior to the court's August 7, 2006 ruling.  The court disagrees.  The paragraph in its brief that Coinco cites (June 30, 2006 Memorandum, at page 13) did not address the issue of a District Court's power to act after a Rule 54(b) appeal.

3

and sought a ruling in its favor when, as it now argues, this court had no jurisdiction to rule at all. This state of affairs cast serious doubt upon the good faith with which Coinco's present legal position as to jurisdiction is advanced. The court now turns to that legal position.

By way of background, the parties agreed upon an immediate and interlocutory appeal to the Federal Circuit from the court's decisions in Mars' favor as to validity and infringement of the '137 and '719 patents. The issue of wilful infringement had also been decided, so under Federal Circuit law, such an immediate interlocutory appeal was available to Coinco. Accordingly, the parties prepared and submitted a consent order which was entered by the court on November 17, 2005. While it was denominated "a final judgment" under Rule 54 (b), it was final only as to infringement and validity of the '137 and '719 patents. This court had not at the time (and still has not) decided the amount of damages to be awarded. A trial on damages was held on May 26, 2006, shortly after issuance of the court's May 19, 2006 ruling in Coinco's favor on the issue of lost profits.

Thus, while the consent order under Rule 54(b) referred to a "Final Judgment," that Judgment was clearly interlocutory because (1) damage issues as to the '137 and '719 patents had not been resolved, (2) no issues have been

resolved with respect to the remaining patents involved in this litigation) and (3) the consent order was entered only "to permit an appeal of the issues adjudicated by this judgment". No damage issues or standing issues had been adjudicated by the judgment. Thus, Coinco's characterization of that Rule 54(b) order as a "Final Judgment" is misleading.

It is against this background that the court must evaluate Coinco's assertion of a lack of jurisdiction in this court to reconsider, in a way unfavorable to Coinco, its ruling of May 19, 2006, which was favorable to Coinco. If this court had no jurisdiction to do anything after the Rule 54(b) notice of appeal was filed, then all subsequent proceedings, including the damages trial, would be for naught. The court does not view the parties' efforts and its own efforts in such a way, and the law does not compel such a result.

Turning to the general rule which in certain circumstances displaces District Court jurisdiction upon appeal to a Court of Appeals, the rule, as authoritatively stated, is that:

> "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 103 S.Ct. 400, 74 L.Ed.2d 225(1982) (per curiam); McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982). This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from

having the same issues before two courts simultaneously.  Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983); 20 James Wm. Moore, Moore's Federal Practice, § 303.32[1] (3d ed.2000)"

Natural Resources Defense Council v. Southwest Marine, Inc. 242 F.3d 1163, 1166. (9th Cir. 2001).

Thus, the principle of exclusive appellate jurisdiction is not absolute, because it is only when the same issues would be before two courts simultaneously that the rule applies.  Indeed, the rule, as set forth above, says so in so many words; the district court is divested of jurisdiction over only *the matters being appealed.*  It is abundantly clear that the matters addressed by this court after the filing of the Rule 54 (b) notice of appeal are not before the Federal Circuit. Accordingly, the court rejects, as inapplicable, Coinco's argument, based upon jurisdiction, that this court should not have entered the order it did on August 7, 2006.   The court rejects as too broad Coinco's argument that any decision by this court which could affect the partial liability judgment previously entered, and now on appeal, is outside of this court's jurisdiction.

Neither Coinco nor Mars has directed the court to a case where, as here, issues of infringement and validity are on appeal to the Federal Circuit pursuant to Rule 54(b), but resolution of damages issues (except wilful infringement) is

ongoing before the District Court.  Instead, Coinco cites many inapposite cases (see pp 5-6 of its brief in support of this motion to reconsider); those cases are inapposite because they involved actions which clearly affected the issues on appeal.  Nor is Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198 (Fed. Cir. 2005) "controlling contrary law," as argued by Coinco (August 21, 2006 Memorandum of Law @10).  In the court's view, the "judgment" referred to in Schreiber was indeed final, unlike the Rule 54(b) judgment entered herein.

It is true that the court's decision as to who may recover damages, and for what period, affects the liability judgment, in the sense that the liability of Coinco must run to someone, and cannot be an abstract liability to no one in particular.  In that sense, a determination as to who is entitled to recover damages, and for what period, could "affect" the liability judgment.  However, as discussed above, the judge-made rule which divides responsibility for judicial decisions between a trial court and an appellate court and, as a corollary, insists that the same issue not be pending before these two courts at the same time, does not speak as narrowly as Coinco suggests.  The Federal Circuit is presently being called upon only to assess the validity of the patents in issue and infringement thereof.  While issues as to the ownership of the patents, which surfaced after the appeal, may implicate standing

7

and are relevant to the ultimate determination of the rights and liabilities of the parties, they are not presently before the Court of Appeals, though they may be some day.  Therefore, the considerations which underlie the applicability of the judge-made rule which Coinco espouses, are not here present.

To the extent that Coinco now argues that it was manifestly unjust to Coinco for the court to rule in favor of Mars on reconsideration, that argument was appropriate in opposition to Mars' motion for reconsideration.  It is no longer appropriate.

There must be an end to litigation.  That end is not served by allowing reconsideration, but a balancing of the relevant interests has resulted in allowing reconsideration motions, once.  There is no basis for allowing a motion for re-reconsideration, and Coinco's arguments have been addressed only because they were couched in terms of jurisdiction, which must be addressed at any stage of litigation.

For the foregoing reasons, Coinco's motion for reconsideration is denied.

Coinco, in the alternative, seeks a ruling that there should be a limitation, based on the statute of limitations in 35 U.S.C. § 286, on MEI's right to claim damages.

Both parties have addressed this question in detail in their briefs, but this is not a proper subject for consideration in the context of this motion for reconsideration.  The issue will be addressed and resolved in connection with the court's consideration of the damages evidence.

Nonetheless, the court is not pleased with Mars' inability or unwillingness to inform Coinco and the court of the true state of affairs as to ownership of the patents in issue.  The court is satisfied that that true state of affairs has been unearthed, and will proceed accordingly to resolve all issues at the trial court level in accordance with its view of that state of affairs.  Should Coinco view Mars' conduct as warranting sanctions, it may seek them at the end of proceedings at the trial court level.[2]

/s/ JOHN C. LIFLAND, U.S.D.J.

DATED: October 17, 2006

---

[2] The court rejects Coinco's argument that Mars did not seek to amend the pleadings until after Coinco filed its motion with respect to the inability of Mars to recover lost profit damages. The docket reflects filing of Mars' motion to add MEI as a co-plaintiff on December 28, 2005, and Coinco's lost-profits motion thereafter, on March 2, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARS, INCORPORATED, et al | : |
| | :    CIVIL ACTION NO. 90-49 (JCL) |
| Plaintiff, | : |
| | : |
| | :    **ORDER** |
| v. | : |
| | : |
| COIN ACCEPTORS, INC. | : |
| | : |
| DEFENDANT. | : |

**LIFLAND, DISTRICT JUDGE**

For the reasons set forth in the accompanying Opinion, the motion of Coin Acceptors, Inc. to reconsider the court's Memorandum and Order of August 7, 2006 is denied.

/s/ JOHN C. LIFLAND, U.S.D.J.

DATED: October 17, 2006

10