UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MARS, INC., and MARS                    :
ELECTRONICS                             :
INTERNATIONAL, INC.,                    :
                                        :
        Plaintiffs and                  :   CIVIL ACTION NO.: 90-0049 (JCL)
        Counterclaim Defendants:        :
    v.                                  :   **OPINION RE: MOTION FOR**
                                        :   **RECONSIDERATION OF**
COIN ACCEPTORS, INC.                    :   **AWARD OF INFRINGEMENT**
                                        :   **DAMAGES**
        Defendant, and                  :
        Counterclaimant.                :
_____     :

**LIFLAND, District Judge**

**I.    Background**

On April 20, 2007, the Court awarded Plaintiff Mars, Inc. ("Mars") $14,376,062.00 in reasonable royalty damages for patent infringement under 35 U.S.C. § 284, after applying the construct of a hypothetical licensor-licensee negotiation between Mars and Defendant Coin Acceptors, Inc. ("Coinco").  (See Docket Index Nos. 374, 379, 380.)  Coinco now moves for reconsideration under Federal Rule of Civil Procedure 59(e), and Local Civil Rule 7.1(i).  The Court will deny the motion.

1

## II.     Discussion

### A.     Standard for Reconsideration

Under Rule 59(e), "a litigant may move to alter or amend a judgment within ten days of its entry." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  Under Local Rule 7.1(i), the analog to Rule 59(e), see Reichhold, Inc. v. United States Metals Ref. Co., No. 03-453, 2007 U.S. Dist. LEXIS 34284, at *42 (D.N.J. May 10, 2007), a party may file a motion for reconsideration of an order or judgment of the Court, "setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003) (internal quotations omitted).  The "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d at 352 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id.  Motions for reconsideration are granted in five general instances: (1) where the Court overlooked a material fact, see, e.g., Swire Pacific Holdings,

Inc. v. Morgan & Taylor Holding Co., No. 90-3121, 1991 U.S. Dist. LEXIS 2018, at *4-5 (D.N.J. Feb. 13, 1991) (granting reconsideration because court overlooked facts requiring finding that defendant was liable); (2) where the Court overlooked controlling law, see, e.g., Interfaith Cmty Org. v. Honeywell Int'l, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (granting reconsideration because Court overlooked applicability of state statutes); (3) where previously unavailable evidence comes to light, see, e.g., A.K. Stamping Co. v. Instrument Specialities Co., 106 F. Supp. 2d 627, 665 (D.N.J. 2000) (denying reconsideration because newly submitted evidence was previously available); (4) where there is an intervening change in the law, see, e.g., Catalado v. Moses, 361 F. Supp. 2d 420, 432-34 (D.N.J. 2004); or (5) where it is needed to correct a clear error of law or fact or to prevent a manifest injustice, see, e.g., Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005).

    **B.**    **Analysis**

At the outset, the Court notes that Coinco's 40-page brief in support of its motion for consideration well-exceeds the 15 pages prescribed by Local Rule 7.2(b) for a motion for reconsideration. The Court will not deny Coinco's motion on that ground, see, e.g., In re Nice Systems, LTD. Securities Litig., 135 F. Supp. 2d 551, 558 n.6 (D.N.J. 2001) (denying motion without prejudice for failure to comply with Local Rule 7.2(b)), nor will it ask that Coinco resubmit a compliant

brief, see, e.g., Alan A. v. Verniero, 970 F. Supp. 1153, 1160 n.2 (D.N.J. 1997) (directing party to refile in accordance with Local Rule 7.2(b)).  Instead, the Court will deny Coinco's motion on the ground that, even with the advantage of 25 extra pages, it failed to identify a single valid ground for reconsideration; instead, its brief simply lists Coinco's disagreements with the Court's application of the law, and the way in which the Court credited, or failed to credit, certain evidence. While this is Coinco's right, it is its right on appeal, not on reconsideration.  See, e.g., S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003) ("Mere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument.").  This Court has not been shy to grant reconsideration in the past in this case, where warranted.  See, e.g., Mars, Inc. v. Coin Acceptors, Inc., No. 90-49, 2004 U.S. Dist. LEXIS 30118, at *1-17 (D.N.J. Aug. 12, 2004).  But, Coinco's present motion is a blatant request for relitigation, not reconsideration.

     Coinco does not allege that previously unavailable evidence has come to light, and it does not claim that there has been an intervening change in the law. Coinco broadly claims that "the Court ignored or misinterpreted evidence in the record, and overlooked or misapplied controlling law." (Coinco Mem. of Law 2.) The misinterpretation of evidence, or misapplication of controlling law cannot

support a motion for reconsideration because neither constitutes the failure to consider evidence or law.  See Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through – rightly or wrongly." (internal quotations omitted)).

As to Coinco's broad claims that the Court "ignored" evidence and "overlooked" controlling law, Coinco fails to back up these claims with specific examples of evidence or law that were not considered.  Nor could it.  As the Court specifically noted at the outset of its decision awarding damages to Mars, delivered from the bench over the course of three hours, not a single piece of evidence, or controlling rule of law was left unconsidered by the Court:

> I am about to give the parties my decision on the issues of damages which have been explored during the trial, and subsequent post-trial briefing relating to the infringement of the Mars '137 and '719 patents.  Those issues have been explored by the parties with expert witnesses and nonexpert witnesses, and in great detail, and I have considered everything.
> To the extent I don't mention something, it is not because I have ignored it.  I have read everything.  I have read everything the parties have presented and considered everything the parties have presented, and my decision will, as counsel will see, follow on the most important issues, and indeed, all important issues, whether or not most important, that bear on the resolution of a case such as this.

(D.I. 380, April 20, 2007, Transcript 2/23 - 3/11.)

5

The only ground for reconsideration remaining is the fifth ground detailed above: where reconsideration is needed to correct a clear error of law or fact or to prevent a manifest injustice.  It appears that Coinco is attempting to position its numerous objections to the Court's factual findings under this heading; indeed, it broadly claims that "the Court made clear errors that now should be corrected in order to prevent reversible errors."  (Coinco Mem. of Law 2.)  More specifically, Coinco alleges that the Court misapplied the framework of a hypothetical licensor-licensee negotiation in the following ways: by erroneously adopting "incremental profit" as the appropriate measure of a "reasonable profit"; by discounting the relevance of Mars' historical licenses; by rejecting Coinco's position that the hypothetical negotiation would have been between Hilgraeve and Coinco; by finding that the infringed patents granted Mars a monopoly on the coin acceptor industry; by allegedly misjudging the value of the patents at issue and the value of Coinco's customer service in the market; by rejecting Coinco's claim that it would have turned to its next best alternatives rather than paying any royalty to Mars.  In sum, Coinco disagrees with the Court's view of the evidence, and is entitled to present such disagreement to the Court of Appeals for the Federal Circuit.  Such disagreement does not amount to the type of "clear error" or "manifest injustice" that warrants reconsideration. Cf. Granite State Insurance Co. v. UJEX Inc., No.

03-1220, 2005 U.S. Dist. LEXIS 13692, at *11-13 (D.N.J. July 11, 2005) (granting reconsideration because Court "mistakenly failed to appreciate that diversity jurisdiction exist[ed]"); Deptford Twp. Sch. Dist. v. H.B., No. 01-0784, 2005 U.S. Dist. LEXIS 11602, at *12-22 (D.N.J. June 15, 2005) (granting partial reconsideration because Court incorrectly calculated remedy); Hernandez v. Beeler, 129 F. Supp. 2d 698, 701 (D.N.J. 2001) (granting reconsideration because Court mistakenly recharacterized § 2241 motion as § 2255 motion); Zenith Labs. Inc. v. Bristol-Myers Squibb Co., No. 91-3423, 1992 U.S. Dist. LEXIS 5799, at *16 (D.N.J. April 13, 1992) (granting reconsideration because Court improperly assigned the burden of proof).

Coinco's motion for reconsideration under Rule 59(e) and Local Rule 7.1(i) will be denied.

/s/ John C. Lifland, U.S.D.J.

May 30, 2007